Dhalwinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71758.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, John L. Davis, Jennifer A. Parker, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Dhalwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where the BIA affirms without an opinion, we review the IJ's decision as the final agency decision. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review adverse credibility findings for substantial evidence. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Substantial evidence supports the IJ's adverse credibility determination because the IJ provided specific, cogent reasons for questioning Singh's credibility and Singh failed to present sufficient corroborating evidence to counter the IJ's stated disbelief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). The IJ questioned Singh's credibility because of inconsistencies and lack of specificity in his testimony, and because of his inability to explain his activities between his third and fourth arrests, and why his similarly-situated father was not also harassed and detained.

Singh's corroborating evidence was insufficient because there were authentica-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion problems with the majority of his identity documents, he presented no evidence of the medical treatment he reportedly received after at least three of his arrests, and the affidavit of his father alone was not enough to substantiate his claims. Substantial evidence therefore supports the IJ's denial of Singh's application for asylum and withholding of removal, *see id*, and relief under the CAT., *see Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**